RENDERED: SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1080-MR

TERESA SPICER                                                    APPELLANT

v.          APPEAL FROM BREATHITT CIRCUIT COURT
            HONORABLE LISA HAYDEN WHISMAN, JUDGE
            ACTION NO. 21-CI-00083

JAMES NATHAN ("REBEL") COMBS                       APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: This case arises from the death of Tiara Combs (Tiara),

resulting from injuries sustained from an all-terrain vehicle wreck. Appellant,

Teresa Spicer (Spicer), was Tiara's mother. Appellee, James Nathan "Rebel"

Combs (Combs), was Tiara's husband, and was operating the vehicle during the

underlying incident. It is undisputed that he was intoxicated at that time.

Spicer and Combs were co-administrators of Tiara's Estate. On July 20, 2020, Spicer, on behalf of the Estate, entered into a Full Release of All Claims With Indemnity Agreement (hereafter, the Release), thereby releasing Combs from liability arising from the underlying incident. Thereafter, Spicer filed a wrongful death claim against Combs on behalf of the Estate. It was subsequently dismissed on the basis that it was barred by the Release. On April 28, 2021, Spicer filed a second claim in her individual capacity against Combs alleging intentional infliction of emotional distress (IIED). Combs filed a motion to dismiss for failure to state a claim, which was granted by the circuit court on the basis that it was barred by the Release. Spicer appeals to this Court as a matter of right arguing that the circuit court erred as to its application of the Release and that it misconstrued the elements of IIED. For the following reasons, we reverse the circuit court and remand.

## ANALYSIS

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most

favorable to the plaintiff, all allegations being taken as true." *Id.* We now turn to the Release, which provides in relevant part as follows:

> The undersigned, [Plaintiff] ("Releasor"), **as Personal Representative of the Estate** of Tiara Kinder Combs ("Estate"), being of lawful age, for and in consideration of the sum of Twenty Five Thousand Dollars ($25,000), the receipt and sufficiency of which is hereby acknowledged, does **on behalf of the Estate** and for its principals, agents, successors, heirs, personal representatives, executors, administrators and assigns, knowingly release, acquit, and **forever discharge [Mr. Combs] . . . and all other persons and entities of any kind or nature liable or who may be claimed to be liable, of and from any and all actions, causes of action claims**, demands, damages, costs, loss of services, loss of consortium, expenses, compensation and liability of any kind, including but not limited to wrongful death and survivor actions, **on account of, or any way growing out of, any and all known and unknown personal and bodily injuries and death resulting or to result from the [Incident]** . . . .

(Emphasis added.) The Release is a contract governed by the basic principles of contract law.

> Where a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties. Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations. The fact that one party may have intended different results, however, is insufficient to construe a contract at

-3-

variance with its plain and unambiguous terms. Generally, the interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to de novo review. However, once a court determines that a contract is ambiguous, areas of dispute concerning the extrinsic evidence are factual issues and construction of the contract become subject to resolution by the fact-finder.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted) (emphasis added).

In the present case, the language employed in the Release is all encompassing. *See Ohio Casualty Ins. Co. v. Ruschell*, 834 S.W.2d 166, 169 (Ky. 1992) ("the scope of a release is determined primarily by the intent of the parties as expressed in the release instrument . . . ." (citation omitted)). However, it is all encompassing as to claims brought on behalf of the Estate, not Spicer individually. This is clear considering the subject matter of the Release and the objects to be accomplished by its execution. *See Cantrell*, 94 S.W.3d at 385. For example, the Release was entered into by Spicer as "Personal Representative of the Estate[,]" not in her individual capacity. Nothing in the Release disclaims Spicer's right as an individual to bring a tortious claim that is entirely independent of the Estate and her role as its representative. And while the elements of IIED may present a difficult standard to satisfy moving forward, having reviewed the complaint in the present case and in consideration of the applicable legal standards, we conclude

that Spicer has stated a claim upon which relief may be granted.  *See Kroger Co. v. Willgruber*, 920 S.W.2d 61, 65 (Ky. 1996) (citing *Craft v. Rice,* 671 S.W.2d 247, 249 (Ky. 1984)).[1]  *See also Keaton v. G.C. Williams Funeral Home, Inc*., 436 S.W.3d 538, 544-45 (Ky. App. 2013) (providing examples of conduct that has been held to be sufficiently and insufficiently outrageous).

Spicer's complaint presents, *inter alia*, very specific allegations concerning Combs' extreme intoxication on the day of the incident as well as his acts of deceit and active concealment of the circumstances surrounding Tiara's death.  Spicer further alleges that she "suffered severe and extreme emotional distress, had to seek medical assistance, and has to take a medication to deal with the extreme anxiety and grief she has experienced as the result of the events described in this complaint that [Combs] caused."  Considering the Release and the entirety of the allegations underlying the complaint, we conclude that the circuit court erred by dismissing the present case prematurely.

---

[1]  The elements of IIED are as follows:

(1) [t]he wrongdoer's conduct must be intentional or reckless;
(2) [t]he conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;
(3) [t]here must be a causal connection between the wrongdoer's conduct and the emotional distress; and
(4) [t]he emotional distress must be severe.

*Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999).

## **CONCLUSION**

For the foregoing reasons, we REVERSE The Breathitt Circuit

Court's order of dismissal entered on August 30, 2021, and REMAND this case to

the circuit court for additional proceedings consistent with this decision.


ALL CONCUR.



BRIEF FOR APPELLANT:     BRIEF FOR APPELLEE:

Ned Pillersdorf          Jason S. Morgan
Prestonsburg, Kentucky   Betsy R. Catron
                         Lexington, Kentucky